**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000665
31-JUL-2024
03:29 PM
Dkt. 77 AMSDO**

NO. CAAP-21-0000665

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CRAIGE K. MAKEKAU, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(1PR161000031; 1PC041001801)

### AMENDED[1] SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

Petitioner-Appellant Craige K. Makekau (**Makekau**)
appeals from the Findings of Fact (**FOF**), Conclusions of Law
(**COL**) and Order Denying Petitioner's Hawai'i Rules of Penal
Procedure (**HRPP**) Rule 40 Petition for Post-Conviction Relief,
entered on October 1, 2021 (**Order Denying Petition**), and Order
Regarding Petition to Vacate, Set Aside, or Correct Judgment or
to Release Petitioner for *[sic]* Custody Filed December 7, 2016,

---

[1] The July 31, 2024 Summary Disposition Order (docket 75) header, "Not for Publication" is now added.

entered on March 4, 2019, (**Order Regarding Petition**), in the Circuit Court of the First Circuit (**circuit court**).[2]

In 2005, Makekau was convicted of sexually assaulting a minor (**the CW**).  Makekau appealed, and this court affirmed. State v. Makekau, Nos. 27622 & 27744, 2007 WL 5210472 (Haw. App. Dec. 31, 2007) (mem. op.).  On December 7, 2016, Makekau filed a HRPP Rule 40 Petition for Post-Conviction Relief (**Rule 40 Petition**).  Makekau alleged that his trial counsel was ineffective by: (1) not presenting evidence of bias and motive of the CW to fabricate the accusations against Makekau; (2) not objecting to expert witness testimony of Dr. Victoria Schneider (**Dr. Schneider**), who interviewed the CW, which unfairly bolstered the CW's credibility; (3) failing to call a rebuttal expert witness to counter Dr. Schneider's testimony; and (4) failing to request a jury instruction that a rape charge is easily made but difficult to disprove.  Makekau also alleged that appellate counsel was ineffective for not raising ineffectiveness of trial counsel.

The circuit court found only one colorable claim for relief: that trial counsel was ineffective for not presenting evidence of bias and motive of the CW to fabricate the accusations against Makekau.  Makekau contended that, after he

_____

[2]     The Honorable Shirley M. Kawamura presided.

ended an eleven-year relationship with the CW's mother, the CW's mother harassed him and struck him with her car in December 2003 (**December 2003 incident**), requiring him to seek emergency medical treatment. Makekau alleged that when he refused to assure the CW's mother that he did not, or would not, call the police to report the December 2003 incident, the CW's mother threatened to have the CW say that Makekau molested the CW.

Makekau claims he told his trial counsel about the December 2003 incident, and that his trial counsel refused to present the incident as part of his defense because it was only after Makekau was arrested for the sexual assault charges that Makekau's mother called the prosecutor's office to inquire about pressing charges over the incident.

The circuit court appointed counsel to represent Makekau, conducted a hearing, and denied Makekau's Rule 40 Petition. The circuit court found that trial counsel was not informed of the December 2003 incident.

Makekau raises six points of error on appeal, contending that: (1) FOF 20, 24, 25, 28-37, 41-50 of the Order Denying Petition are clearly erroneous; (2) COL 11-14 of the Order Denying Petition are wrong because there is no fact or testimony in the record to support these conclusions; (3) the circuit court erred in concluding that the claim that trial counsel was ineffective for not calling an expert witness to

3

rebut Dr. Schneider's testimony was meritless; (4) the circuit court erred in concluding that the claim that Makekau's appellate counsel was ineffective for not raising the ineffectiveness of trial counsel was meritless; (5) the circuit court erred by denying Makekau court-appointed counsel to assist him in preparing his HRPP Rule 40 Petition; and (6) the circuit court erred when trial counsel referred to "other notes" while testifying at the hearing on the Petition, and the circuit court did not order that the "other notes" be provided to Makekau or grant him a new hearing because the "other notes" were not provided to Makekau.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Makekau's points of error as follows.

We review orders denying HRPP Rule 40 petitions *de novo*. Lewi v. State, 145 Hawaiʻi 333, 345, 452 P.3d 330, 342 (2019). We review a "circuit court's conclusions of law *de novo*, and findings of fact for clear error." De La Garza v. State, 129 Hawaiʻi 429, 438, 302 P.3d 697, 706 (2013) (cleaned up). We "may recognize plain error when the error committed affects substantial rights of the defendant." State v. Metcalfe, 129 Hawaiʻi 206, 222, 297 P.3d 1062, 1078 (2013) (cleaned up).

(1) "[A]n appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Jenkins, 93 Hawaiʻi 87, 101, 997 P.2d 13, 27 (2000) (cleaned up). Makekau fails to establish that the challenged FOFs are clearly erroneous.

(2) In COL 11-14, the circuit court concluded that Makekau had not established that trial counsel was ineffective for failing to present the December 2003 incident as part of Makekau's defense. The circuit court concluded that trial counsel was not informed of the December 2003 incident, and of the alleged witnesses to the incident. Trial counsel testified that he first learned of the December 2003 incident when he read Makekau's Rule 40 Petition and that, had he been informed of the December 2003 incident, he would have presented it for the defense. The circuit court found trial counsel credible with regard to his testimony that he was not informed of the December 2003 incident, that Makekau's brother and his brother's girlfriend witnessed the December 2003 incident, and that there was a hospital record of Makekau's visit to the emergency room on the date of the incident. Makekau's challenge to COL 11-14 lacks merit.

(3) In State v. Richie, 88 Hawaiʻi 19, 39, 960 P.2d 1227, 1247 (1998), the Hawaiʻi Supreme Court held that

5

"[i]neffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." (Citations omitted).  The circuit court properly applied Richie to this case.  Because Makekau did not submit an affidavit or sworn statement describing the testimony of the rebuttal expert witness that he contends his trial counsel should have called, this point of error lacks merit.  See State v. Jackson, No. CAAP-11-0000658, 2013 WL 1148393 (Haw. App. Mar. 19, 2013) (SDO).

(4) Because Makekau did not meet his burden to establish that trial counsel was ineffective, Makekau's claim that appellate counsel was ineffective, for failure to raise the ineffectiveness of trial counsel, also lacks merit.

(5) Makekau contends that HRPP Rule 40(i) provides for court-appointed counsel to represent indigent petitioners seeking post-conviction relief.  HRPP Rule 40(i) specifically provides that "no such referral [to the public defender for representation] need be made if the petitioner's claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner." Makekau did not present a colorable claim for relief until he submitted sworn statements of witnesses on August 21, 2017. Richie, 88 Hawaiʻi at 39, 960 P.2d at 1247.  Therefore, the

6

circuit court did not err when it denied his request for counsel on July 18, 2017.  The circuit court promptly appointed counsel to represent Makekau upon its determination that Makekau had presented a viable claim.

(6) Makekau admits that no objection was made to the circuit court when trial counsel referred to "other notes" while testifying at the hearing on the Rule 40 Petition, and that the "other notes" are not part of the record.

"As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."  State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) (citations omitted).  We find Makekau waived this point of error on appeal.

Even if we were to address Makekau's arguments on the merits, it is not clear from the record that the "other notes" exist, and we find that the circuit court's failure to *sua sponte* order a new hearing regarding the "other notes" is not plain error.  During the hearing on the Rule 40 Petition, trial counsel first used the term "other notes" in response to questions from the deputy prosecuting attorney about why he amended his witness list.  Before that, trial counsel read for the circuit court his eight pages of handwritten case notes, which the parties had stipulated into evidence as Respondent's

7

Exhibit 19.  It is unclear whether trial counsel's use of the term "other notes" refers to notes that were not part of Respondent's Exhibit 19, or simply another page of notes included within Respondent's Exhibit 19.  And assuming *arguendo* there exist "other notes" that are not included as part of Respondent's Exhibit 19, the failure of the circuit court to *sua sponte* order its production, or a new hearing regarding its non-production, does not constitute plain error.

For the foregoing reasons, we affirm the circuit court's Findings of Fact, Conclusions of Law, and Order Denying Petitioner's Hawaiʻi Rules of Penal Procedure Rule 40 Petition for Post-Conviction Relief, entered on October 1, 2021, and the Order Regarding Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for *[sic]* Custody Filed December 7, 2016, entered on March 4, 2019.

DATED: Honolulu, Hawaiʻi, July 31, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Kai Lawrence,<br>for Petitioner-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Donn Fudo,<br>Deputy Prosecuting Attorney,<br>City and County of Honolulu,<br>for Respondent-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |